IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEVORIS LAMONT JACKSON, | § | |
| #02336791, | § | |
|     Movant, | § | |
| | § | No. 3:23-cv-00042-L (BT) |
| v. | § | No. 3:18-cr-00637-L-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Devoris Lamont Jackson, a state prisoner who is attacking his federal sentence under the Armed Career Criminal Act (ACCA), filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting action to the United States magistrate judge pursuant to 28 U.S.C. 636(b) and a standing order of reference. For the following reasons, the Court should dismiss Jackson's § 2255 motion.

I.

Jackson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In the Presentence Report (PSR), the probation officer determined Jackson qualified as an armed career criminal subject to an enhanced 15-year minimum sentence under 18 U.S.C. § 924(e) based on one conviction for aggravated robbery with a deadly

1

weapon and two convictions for burglary of a habitation.[1] PSR ¶¶ 26, 34, 40, 45, 88. Prior to sentencing, Jackson objected to the ACCA sentence enhancement on two grounds: (1) the ACCA designation violated his rights under the Due Process Clause because, at the time of his unlawful firearm possession, on August 31, 2018, a Texas burglary conviction did not count as an ACCA qualifier, and he would not have qualified for sentencing under ACCA; and (2) his prior burglary of a habitation and aggravated robbery convictions did not qualify as violent felonies, but he recognized the argument was foreclosed to him at the time. (CR ECF No. 47 at 4-12.)[2] In a

---

[1] To qualify as an armed career criminal under the ACCA, a defendant must violate § 922(g) and have three previous convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1); *see also Descamps v. United States*, 570 U.S. 254, 267 (2013). ACCA defines a violent felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court held the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591, 606 (2015); *see also United States v. Parker*, 3 F.4th 178, 180 (5th Cir. 2021); *United States v. Alexander*, 808 App'x 234, 236 (5th Cir. 2020) (per curiam). The Supreme Court made *Johnson* retroactive in *Welch v. United States*, 578 U.S. 120 (2016). *Borden v. United States*, 141 S. Ct. 1817, 1823 n.2 (2021).

[2] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the underlying criminal action, case number 3:18-cr-00637-

PSR addendum, the probation officer stood by the initial PSR finding that Jackson qualified for a sentence enhancement under ACCA, but he deferred to the District Court for a resolution of Jackson's legal arguments attacking the recommendation to sentence him under ACCA. (CR ECF No. 48-1 at 1.) On November 23, 2020, the District Court found ACCA applied to Jackson and sentenced him to a total term of 180 months' imprisonment, the minimum sentence under § 924(e). The District Court ordered Jackson's federal sentence to run concurrently with any sentences imposed in his pending state cases.

Jackson appealed his sentence to the Fifth Circuit Court of Appeals, and he raised the same two grounds he presented before the District Court in opposition to his designation under ACCA. (CR ECF No. 58.) *United States v. Jackson*, 30 F.4th 269 (5th Cir. 2022). While his case was pending before the Fifth Circuit, the Supreme Court issued its decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), on June 10, 2021.[3] Thereafter, on

---

L-1, and "CV ECF" refers to this civil action, case number 3:23-cv-0042-L-BT.

[3] In *Borden*, the Supreme Court held that an offense with a *mens rea* of recklessness cannot qualify as a "violent felony" under the use-of-force clause of ACCA, 18 U.S.C. § 924(e)(2)(B)(i). *Borden*, 141 S. Ct. at 1825; *see also United States v. Williams*, 2022 WL 71826, at *1 (5th Cir. Jan. 7, 2022) (per curiam).

August 5, 2021, the Fifth Circuit directed the parties to submit supplemental briefing regarding the impact of *Borden*, if any, on Jackson's appeal.

On March 30, 2022, the Fifth Circuit issued a published opinion rejecting Jackson's arguments regarding his ACCA designation. *United States v. Jackson*, 30 F.4th 269 (5th Cir. 2022). With respect to his due process argument, the Fifth Circuit applied *stare decisis* and followed the Supreme Court's decision in *Bouie v. City of Columbia*, 378 U.S. 347 (1964), which held that notice can be a "bar on the retroactive application of a judicial interpretation of a criminal law when the decision is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue.'" *Jackson*, 30 F.4th at 272 (quoting *Bouie*, 378 U.S. at 354). The Fifth Circuit found Jackson's case was not comparable to *Bouie*, and for this reason, his due process argument lacked merit. *Id.* at 272-74. As to Jackson's argument his Texas aggravated robbery conviction was not a valid ACCA predicate, the Fifth Circuit disagreed and concluded that following *United States v. Garrett*, 24 F.4th 485 (5th Cir. 2022), and its post-*Borden* holdings, the Texas robbery statute is divisible, and a Texas robbery-by-threat conviction still qualifies as a "violent felony" under ACCA. Ultimately, the Fifth Circuit concluded Jackson was properly sentenced under ACCA and affirmed this Court's judgment. *Jackson*, 30 F.4th at 276.

4

Jackson then filed a petition for writ of certiorari. *Jackson v. United States*, 143 S. Ct. 252 (2022). On October 3, 2022, the Supreme Court denied the petition.

On December 13, 2022, Jackson filed his § 2255 motion (CV ECF No. 1). He raises the same claims he raised in the District Court and before the Fifth Circuit attacking his ACCA designation.

## II.

Jackson now raises the same two claims he presented to the Fifth Circuit. Mot. 7 (CV ECF No. 1). A claim "raised and rejected on direct appeal" cannot not be raised in a § 2255 motion on collateral review. *See United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); *see also United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."); *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) (affirming denial of § 2255 motion under law-of-the-case doctrine after the appellate court dismissed defendant's direct appeal as barred by an appeal waiver). The law-of-the-case doctrine generally precludes reexamination of issues of law or fact decided on appeal. *USPPS, Ltd. v. Dennison Corp.*, 647 F.3d 274, 282 (5th Cir. 2011).

Jackson's claims attacking his ACCA designation at sentencing were raised on direct appeal. *Jackson*, 30 F.4th at 271, 274. The Fifth Circuit

5

rejected both arguments and concluded he was properly sentenced under ACCA. *Id.* at 269. Jackson's claims are now barred from re-litigation by the law-of-the-case doctrine, and they should therefore be dismissed.

## Recommendation

For the foregoing reasons, the Court should DISMISS Jackson's § 2255 motion.

Signed April 28, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).