IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEVORIS LAMONT JACKSON,** #02336791, | § § § | |
| Movant, | § § | Civil Action No. **3:23-CV-042-L-BT** Criminal Action No. 3:18-cr-00637-L-1 |
| v. | § § | |
| **UNITED STATES OF AMERICA**, | § § | |
| Respondent. | § § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6) was entered on April 28, 2023, recommending that the court dismiss with prejudice Movant Devoris Jackson's ("Movant") motion for habeas relief ("Motion") brought pursuant to 28 U.S.C. § 2255. The Report concludes that the Motion is barred because Movant raised both claims contesting his sentence calculation on direct appeal of his conviction and sentencing, and therefore the claims cannot be reexamined by the court. Doc. 6 at 4-6. Movant filed objections to the Report (Doc. 7) on May 18, 2023, arguing that the Report failed to assess all the facts of this case because it improperly relies solely on his Motion and because the magistrate judge did not conduct an evidentiary hearing. Doc. 7 at 2. He argues that had the magistrate judge done so, it would have changed the outcome of his criminal case sentencing. *Id*.

Review of the Motion, however, reveals that Movant has failed to set forth facts supporting his claim for relief, much less facts that would have changed the outcome of his case. Further, a motion made under Section 2255 "does not automatically require a hearing to dispose of every motion made under its statutory authority." *Coco v. United States*, 569 F.2d 367, 369 (5th Cir. 1978). A court may grant an evidentiary hearing if the movant demonstrates good cause for

discovery where "specific allegations before the court show reason to believe that the [movant] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *United States v. Fields*, 761 F.3d 443, 484 (5th Cir. 2014), *as revised* (Sept. 2, 2014) (cleaned up). Here, the Motion does not present good cause for an evidentiary hearing because the facts that Movant sets forth are sparse and conclusory. He has not met his burden to show that if fully developed, the facts demonstrate his entitlement to habeas relief. For this reason, the court **overrules** Movant's objections.

Accordingly, having reviewed the Motion, file, record, and Report, and having conducted a *de novo* review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court **dismisses with prejudice** this action as barred. Movant is not permitted to bring identical claims in a habeas action that he already raised through direct appeal as those claims are barred from re-litigation.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Movant has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that Movant files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 14th day of July, 2023.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge